UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 11-12856
        Honorable Thomas L. Ludington

NENA HARRIS,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S REQUEST FOR HEARING**

In 1984, Defendant Nena Harris took out a $1,500 student loan from the Michigan Higher Education Authority. The loan was guaranteed Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1071 et seq. Defendant defaulted on the loan in 1985.

Plaintiff filed suit in 2011 to collect on the loan. Defendant did not respond. Default judgment was entered against Defendant in August 2011 in the amount of $3,797.69. In September 2011, Plaintiff obtained a writ of garnishment authorizing the garnishing of Defendant's wages. The following month, Defendant contacted Plaintiff's counsel and requested that instead of having her wages garnished she be permitted to make voluntary payments of $65 per month. Plaintiff agreed. Defendant made payments until May 2012, but has not done so since.

In August 2012, Plaintiff again obtained a writ of garnishment requiring the garnishee to disclose whether it had any property owned by Defendant, including non-exempt disposable earnings. The garnishee, Defendant's employer, answered that 25 percent of Defendant's disposable earnings would total $172.41 and that the pay period is bi-weekly. On August 27, Defendant was served with a copy of the writ, which notified her that "there are exemptions

under the law which may protect some of [your] property from being taken by the Government." It cautioned, however, that: "If you want a hearing, you must notify the court within 20 days after receipt of the notice. . . . At the hearing you must be prepared to explain to the judge why you think the Government is not entitled to the funds garnished."

About eight weeks passed. On October 19, 2012, Defendant filed a request for a hearing. She explains: "Due to financial hardship I am petitioning the Court to assist me by lowering the monthly payment of this loan. Prior to the recent order of garnish[ment] I faithfully made my payment of $65.00 per month. Unfortunately my hours at work were cut and coupled with other monthly obligations such as rent, food, and utilities it became impossible for me to meet this obligation. I am respectfully requesting a payment of $25.00 instead of the current $65." Essentially, Defendant is requesting an installment payment order.

Federal Rule of Civil Procedure 69(a)(1) provides that "proceedings supplementary to and in aid of judgment or execution," such as garnishments, "must accord with the procedure of the state where the court is located." Michigan Court Rule 3.104(A)(1), in turn, permits a judgment debtor to seek an "order permitting the judgment to be paid in installments in accordance with [Mich. Comp. Laws §] 600.6201 et seq." *See generally Ins. Co. of N. Am. v. Dynamic Const. Co.*, 48 F.3d 1219 (6th Cir. 1995) (unpublished table decision). And § 600.6205 provides that the judgment debtor's petition for requesting an installment payment order must be "supported by the affidavit of the [debtor] setting forth his inability to pay the judgment with funds other than those earned by him as wages, and setting forth the name and address of his employer, the amount of the wages and the date of payment thereof." Mich. Comp. Laws § 600.6205(3).

Here, Defendant has not provided an affidavit setting forth the necessary information. Until such an affidavit is provided, the request for a hearing cannot be granted. As an aside, the Court also notes that Plaintiff has responded to Defendant's request for a hearing by indicating its willingness to renegotiate a payment plan. Plaintiff writes that it "invites Defendant to contact its attorneys to discuss the possibility of reducing the current amount of withholding from Defendant's pay check to just $32.50 biweekly (approximately $65.00 per month, and less than 20% of what Plaintiff is obtaining by virtue of the garnishment)." Without expressing any opinion on what installment payment plan, if any, is appropriate in this case, the Court nevertheless encourages the parties to discuss coming to a mutually agreeable manner of satisfying the judgment.

Accordingly, it is **ORDERED** that Defendant's request for a hearing (ECF No. 19) is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: November 8, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Nena Harris, at 1232 Genei Ct. W Apt 206, Saginaw, MI 48601 first class U.S. mail on November 8, 2012.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS